**In re SHADY GROVE TECH CENTER ASSOCIATES LIMITED PARTNERSHIP, Debtor.**

**MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,**
Movant,

v.

**SHADY GROVE TECH CENTER ASSOCIATES LIMITED PARTNERSHIP, Respondent.**

**Bankruptcy No. 97-2-0999-DK.**

United States Bankruptcy Court,
D. Maryland,
at Greenbelt.

Sept. 23, 1998.

David R. Kuney, Washington, DC, counsel for Debtor.

David Rice, Baltimore, MD, counsel for Massachusetts Mutual Life Insurance Company.

Reed Sexter, Washington, DC, counsel for Diversified Investment Associates, Inc.

## SUPPLEMENTAL MEMORANDUM OPINION

DUNCAN W. KEIR, Bankruptcy Judge.

In this case, a motion for relief from stay was brought by Massachusetts Mutual Life Insurance Company ("Mass Mutual"). After three days of evidentiary hearing, on January 7, 1998, this court entered its Memorandum Opinion and Order granting relief from stay in this matter ("Memorandum Opinion" and "Relief Order", respectively). Debtor appealed the Relief Order to the United States District Court for the District of Maryland ("District Court") and sought from this bankruptcy court a stay of the effectiveness of the Relief Order pending the outcome of the appeal. This court granted a stay pending appeal contingent upon the posting of a bond in the amount of three months' interest on the collateral value found by the court, at a rate of 7% per annum, plus one month's interest to be paid monthly until the appeal is resolved.

After initially affirming the Relief Order, at a hearing upon a motion by the Debtor to stay the District Court's Order pending appeal to the United States Court of Appeals for the Fourth Circuit, the District Court withdrew its affirming Order and remanded the matter to this court directing that this court determine specific questions ("Remand Order"). The questions presented to this court upon remand are: "(a) Whether the Court finds that there is 'cause' under Section 362(d)(1) entirely independently of the 'waiver of right' provision contained in the parties' agreement, and/or (b) Whether the property is needed for an effective reorganization under 11 U.S.C. § 362(d)(2)." Fur-

ther, the District Court's Remand Order provides that should this court answer either question in the affirmative, it is not required to address the remaining question.

Having conducted a full and complete inquiry during the trial of the motion for relief from stay, this court has before it a sufficient record to make the additional findings set forth in this Supplemental Memorandum Opinion. For this reason, the court finds that no further hearing is required to respond to the remand questions propounded by the District Court.

This court is admittedly uncertain as to the posture of the matter upon remand. The District Court directs this court to make findings upon alternative grounds for relief from stay, which this court did not reach in its Memorandum Opinion. The remand is made without any determination by the District Court of error as to the Relief Order and the grounds set forth in the Memorandum Opinion.

It appears that the District Court's questions are occasioned by the parties' attempt to characterize this court's ruling set forth in the Memorandum of Opinion in a manner to support their respective arguments as to whether or not a stay pending appeal to the Fourth Circuit should be entered by the District Court. The Debtor asserted that there was a strong public policy in support of a stay pending further appeal so as to preserve what it portrayed as a fundamental issue of first impression. That is, the Debtor characterized this court's Memorandum Opinion as providing relief from stay primarily upon the enforcement of a pre-petition waiver of the right to defend against a motion for relief from stay.

Mass Mutual on the other hand, argued that no stay pending further appeal should be entered, as allegedly its collateral was deteriorating. It contested the Debtor's attempt to portray this court's ruling and asserted that the court had in effect found that reorganization was unlikely and therefore a stay pending appeal should not be entered. Faced with these characterizations, the District Court determined that it required more specific findings as to whether or not this

court would have found cause for relief from stay without consideration of the waiver provision, or in the alternative under 11 U.S.C. § 362(d)(2). This court will endeavor to respond, to the extent that it can do so, to the Remand Order.

In its Memorandum Opinion, this court set forth its factual findings. The court adopts those factual findings in this Supplemental Memorandum Opinion, in their entirety. Furthermore, this court concluded in its Memorandum Opinion that under a totality of the circumstances demonstrated by the facts, relief from stay should be and was granted to Mass Mutual. This court does not alter or amend that conclusion and adopts that conclusion again without restating it in this Supplemental Memorandum Opinion.

As to the first question contained in the Remand Order, this court cannot make the requested determination without entering an advisory opinion upon facts not found by this court and clearly not contained in this dispute. Regardless of the attempt by the disputing parties to weigh or characterize this court's consideration of the pre-petition waiver of the right to contest a motion for relief from stay, as found by this court in its Memorandum Opinion, there is no dispute that a clause in a pre-petition restructuring agreement between the parties granted such a waiver. This court cannot ignore a relevant fact and answer an hypothetical question which reads material evidence out of the record.

■ This court will make alternative findings under 11 U.S.C. § 362(d)(1) and thereby clarify its Memorandum Opinion upon the actual facts presented and found by the court. The factors which other judges of this court have employed in examining the weight to be given to a pre-petition waiver of the right to defend a motion for relief from stay ("The Waiver") are set forth in the Memorandum Opinion. The first of these factors is the financial sophistication of the borrower. Waivers which are little more than contracts of adhesion will be given little weight and not enforced by this court. The lender must demonstrate by evidence that the debtor was in a position to know and

understand the gravamen and effect of The Waiver.

■ Secondly, the lender must demonstrate that significant consideration was given by the lender for The Waiver, in the context of a restructuring agreement. The context and consideration for The Waiver must demonstrate a compelling basis to override the policy behind 11 U.S.C. § 362(a). Waivers of rights are inherently suspect. The party seeking to enforce The Waiver must demonstrate that under the specific facts of the case, the public policy encouraging workout agreements overcomes the policy in favor of affording the debtor the respite accorded by the automatic stay in bankruptcy. In this case the lender must demonstrate that substantial concessions were obtained by the debtor as a part of a pre-petition debt restructuring.

■ Thirdly, bankruptcy cases are generally not, nor usually should be, two-party disputes. Therefore, the court must examine the effect of enforcement of The Waiver upon other parties with legitimate interests in the outcome.

■ Finally, the court must examine the circumstances of the parties at the time that The Waiver is sought to be enforced. If the debtor can demonstrate a substantial change in circumstances, such as a reasonable prospect of reorganization within a reasonable time, particularly where material rights of third parties will be affected by the outcome, the court may decline to enforce The Waiver.

■ The court has set forth in the Memorandum Opinion its findings of fact on each of the questions just enumerated herein. For the reasons set forth in the Memorandum Opinion, this court continues to hold that The Waiver was granted by a sophisticated borrower represented by competent counsel, in the context of a restructuring agreement. Substantial consideration was afforded to the Debtor in the restructure agreement by Mass Mutual. This bankruptcy case is essentially a two-party dispute and there are no legitimate interests of other parties, including creditors, which would be adversely effected by the enforcement of The Waiver.

Finally, at the hearing upon the motion for relief from stay, the Debtor did not demonstrate a material change in circumstance, such as a reasonable prospect of reorganization in a reasonable time, that would benefit legitimate interests of other parties.

For these reasons, the court finds that the public policy of encouraging workout and restructuring agreements out of bankruptcy between sophisticated parties in this case overcomes the policy of affording Debtor a respite of further protection under the automatic stay imposed by 11 U.S.C. § 362(a). For these reasons, The Waiver should and will be enforced as an alternative ground for relief from stay, in addition to the "cause" set forth in the Memorandum Opinion.

■■■ The second question set forth in the Remand Order is whether this court would grant relief from stay under 11 U.S.C. § 362(d)(2) without regard to the causes found under § 362(d)(1). This court's conclusion is that the Debtor failed to prove that the property is needed for an effective reorganization, as that phrase has been defined by the courts. With that finding, and there being no dispute that there is no equity in the property, relief from stay should also be granted for this third alternative ground. As set forth in some detail in the Memorandum of Opinion, in effect this Debtor has been seeking to reorganize since at least May of 1993. No significant progress was demonstrated by the Debtor after three days of evidentiary hearings before this court concluding on January 7, 1998. This lack of successful restructuring occurs notwithstanding the provision under the 1993 restructuring agreement of new capital in the form of financing, deferrals and other financial accommodations to the Debtor.

■■■ Mass Mutual having demonstrated that there is no equity in the property which is the collateral of the lender, it is the burden of the Debtor to demonstrate by evidence that the property is necessary for an effective reorganization. 11 U.S.C. § 362(g)(2). *United Savings Association v. Timbers of Inwood Forest,* 484 U.S. 365, 377, 108 S.Ct. 626, 633, 98 L.Ed.2d 740 (1988).

What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect.* This means, as many lower courts, including the en banc court in this case, have properly said, that there must be "a reasonable possibility of a successful reorganization within a reasonable time."

*Id.* at 375–76, 108 S.Ct. at 633 (citations omitted).

In the *Timbers* decision, the Supreme Court went on to state that even within the exclusivity period set forth under 11 U.S.C. § 1121(b), lack of any realistic prospect of effective reorganization requires relief from stay under 11 U.S.C. § 362(d)(2). In a single-asset-real-estate case, it is inevitably true that no prospect of reorganization by the debtor exists, if the property is foreclosed upon by the lender. That is not to say that the property is "necessary to an effective reorganization." 11 U.S.C. § 362(d)(2). Such a conclusion requires a showing by the debtor of a "reasonable possibility of a successful reorganization within a reasonable time." *Timbers,* 484 U.S. at 375–76, 108 S.Ct. at 632. Upon the facts found by this court in the Memorandum Opinion, this court concludes that the Debtor has not demonstrated such a reorganization in prospect, by a preponderance of the evidence.

■■■ "In the context of relief from stay litigation, the analysis of the potential for a successful reorganization is not the same as the standard employed at a confirmation hearing." *NationsBank, N.A. v. LDN Corp. (In re LDN Corp.),* 191 B.R. 320, 325 (Bankr.E.D.Va.1996). However, as the court in the *LDN Corp.* case goes on to point out, " '[i]f the plan proposed cannot meet confirmation standards, it cannot form the basis for finding there to be a reasonable possibility of a successful reorganization'...." *Id.* at 325 (quoting *Steele v. Cho (In re Cho),* 164 B.R. 730, 733 (Bankr. E.D.Va.1994)).

The serious infirmities of the proposed plan of the Debtor are set forth in this court's Memorandum Opinion. Debtor's response argued that given additional time the Debtor would be able to cure those infirmities and propose a more confirmable plan.

Therefore, Debtor argued, this court should afford it that time by denying the motion for relief from stay.

Essentially, the Debtor's argument was that it has not been demonstrated that there cannot be a plan proposed in the future that would be confirmable. This formulation appears to attempt to reverse the congressional allocation of the burden of proof set forth in 11 U.S.C. § 362(g) on this issue and to raise the threshold beyond that established by the Supreme Court in the *Timbers* decision. Although this motion for relief from stay was brought in this case within the exclusive period, this court must take into account the period of years which the Debtor has had to attempt a restructuring.

Upon the findings set forth in the Memorandum of Opinion, this court concludes that the Debtor did not carry its burden and that therefore relief from stay should be afforded to Mass Mutual under § 362(d)(2).

An Order in conformity with this Supplemental Memorandum Opinion shall be entered.